IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
FEB 1 1 2009
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

| | | |
|---|---|---|
| JAMES A. CHEATHAM, <br> PLAINTIFF | § § § § § § § § | |
| VS. | | CAUSE NO. 4:08-cv-04107-HFB |
| COOPER TIRE & RUBBER COMPANY <br> DEFENDANT | | JURY TRIAL DEMANDED |

### PLAINTIFF'S AMENDED COMPLAINT

COMES NOW the Plaintiff, James A. Cheatham, by and through his attorney of record, Thomas H. Johnson, and for his amended complaint against the Defendant(s), Cooper Tire & Rubber Company ("Cooper Tire"), UNITED STEEL WORKERS UNION (USW) and Local 752 United Steel Workers Union, states, alleges and says:

### A. PARTIES

1. Plaintiff, James A. Cheatham, is an individual who is a citizen and resident of Texarkana, Bowie County, Texas. Plaintiff was employed by Defendant from June 4, 1996 until January 30, 2007.

2. Defendant Cooper Tire & Rubber Company is a foreign corporation duly formed and existing under the laws of the State of Delaware. Cooper Tire & Rubber Company has obtained a certificate of authority, is duly authorized to transact business in the state of Texas, and may be served with process by serving its registered agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201. Defendant United Steel Workers (USW) is located at United Steelworkers, Five Gateway Center, Pittsburgh PA 15222, and Local 752 United Steel Workers Union

(USW Local 752L) is a foreign unincorporated branch of the USW located at 3600 Washington Street, Texarkana, Arkansas 71854. The USW and USW Local 752L are labor organizations within the meaning of Section 310 of the Labor-Management Relations Act of 1947, 28 U.S.C. §185, and as such, are unincorporated associations. Service is authorized under Ark. Code Ann. §4-28-513, which provides for service on a nonprofit association by personally serving an officer or agent of the association.

### B. JURISDICTION

3. The Court has jurisdiction over the lawsuit because the action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. § 2000e, et seq., as amended, and 42 U.S.C. § 1981. In addition, the Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs. Plaintiff was employed by Defendant, a corporation doing business within the territorial jurisdiction of the Court. Local 752 United Steel Workers Union was the Union representative of Plaintiff at said employment.

### C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Defendant COOPER TIRE & RUBBER COMPANY. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of the complaint. A copy of the notice of the right to sue was attached to the Original complaint as Exhibit A. Plaintiff timely filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Defendant Local 752 United Steel Workers Union. Plaintiff received a notice of the right to sue from the

EEOC within 90 days of the filing of the complaint. A copy of the notice of the right to sue is attached to this Amended complaint as Exhibit A.

### D. FACTUAL BACKGROUND

5. Plaintiff was employed by Cooper Tire as a maintenance electrician for more than 10 years, from June 4, 1996 until January 30, 2007. Plaintiff was terminated by Cooper Tire for allegedly violating Cooper Tire's lockout/tagout procedures. Plaintiff alleges that his termination was the result of race discrimination, and he brings this action against Defendant pursuant to Title VII. Plaintiff alleges that Defendant Local 752 United Steel Workers Union did not adequately represent him between he and Defendant employer as a result of race discrimination, and he brings this action against Defendant pursuant to Title VII.

### E. COUNT I - DISCRIMINATION UNDER TITLE VII

6. Plaintiff is an employee within the meaning of the Title VII and belongs to the class of the employees protected under the statute, namely, employees belonging to a racial minority.

7. Defendant Cooper Tire is an employer within the meaning of Title VII. Defendants USW and Local 752 United Steel Workers Union are labor organizations within the meaning of Section 310 of the Labor-Management Relations Act of 1947, 28 U.S.C. §185.

8. Defendant(s) intentionally discriminated against Plaintiff because of race in violation of Title VII by terminating him and failing to adequately represent him and his employment interest. While Plaintiff was terminated for allegedly violating Cooper Tire's

lockout/tagout procedures, other employees similarly situated, not in the protected class, did not receive the same treatment.

### F. COUNT II - CLAIM ARISING UNDER STATE LAW

9. Plaintiff is an employee within the meaning of the Arkansas Civil Rights Act of 1993 ("ACRA") and belongs to a class of employees protected under the statute, namely, employees belonging to a racial minority.

10. Defendant Cooper Tire is an employer within the meaning of the ACRA.

11. Defendant(s) discriminated against Plaintiff because of his race in violation of the ACRA by terminating him and failing to adequately represent him at the termination.

### G. DAMAGES

12. As a direct and proximate result of each and every Defendant's conduct, Plaintiff suffered the following injuries and damages:

   a. Plaintiff was discharged from employment with Defendant, resulting in lost pay and benefits. Although Plaintiff has diligently sought other employment, he has been unable to find a job at comparable pay.

   b. Plaintiff suffered damage to his pension and retirement benefits.

   c. Plaintiff seeks compensation for all lost wages and benefits, including loss of Social Security benefits. Plaintiff seeks reinstatement to his previous position as a maintenance electrician.

   d. Plaintiff is entitled to prejudgment interest on all lost wages and benefits, and post judgment interest on all sums, including on attorney fees incurred in this action.

e. Each Defendant's conduct was an intentional and willful violation of Title VII. Plaintiff is therefore entitled to an award of liquidated damages within the meaning of Title VII.

f. Plaintiff is entitled to punitive damages for each Defendant's intentional discrimination under ACRA.

### H. ATTORNEYS FEES

13. Plaintiff was forced to engage counsel to protect his rights and is therefore entitled to an award of attorney fees and costs under the statutes set forth above.

### I. PRAYER

14. For these reasons, Plaintiff asks for judgment that each and every Defendant violated Title VII and the ACRA; for all compensatory and punitive damages; an award of attorney fees and costs; and all other relief to which Plaintiff may be justly entitled.

### J. PLAINTIFF'S DEMAND FOR JURY TRIAL

15. Plaintiff hereby asserts his rights under the Seventh Amendment to the United States Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

RESPECTFULLY SUBMITTED,

THOMAS H. JOHNSON
Arkansas Bar No. 92249
Attorney at Law
410 Hickory
Texarkana, Arkansas 71854
Tel. 870-773-6359
fax 870-772-0575

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been forwarded to opposing Counsel of Cooper Tire in accordance with the FRCP, ARCP, via CM/ECF on this 11th day of ____, 2009:

Thomas H. Johnson